The next matter, number 25-1045, William Hernando Usma Acosta v. Pamela J. Bondi. At this time, would counsel for the petitioner please introduce themselves on the record to begin. Yes, good morning, Your Honor. It's Todd Pomelo on behalf of Mr. Acosta. May it please this Honorable Court, may I reserve one minute for rebuttal? You may. There are just numerous procedural and substantive errors in this case. We have roughly half dozen in the brief. But this is a unique situation where my client was living for several decades under an alias because when he fled, he had to flee Colombia. He had a relative with ties to the Medellin cartel that tried killing him. There was a self-defense issue resulting in the death of another. So he lived here for many years. He had a wife, he had a child, and he was ultimately arrested at a citizenship interview when the alias was revealed. But throughout the proceedings in this case, he was never given a full and fair hearing. The immigration judge initially was refusing to apply First Circuit precedent to his case. That was an issue that ultimately this Court deemed was improper. Judges all over the country during the pandemic, immigration judges were effectively signing in remotely from Connecticut one day and saying Second Circuit law applies because of where I'm sitting. A judge might sign in from Virginia and start applying the Fourth Circuit. And that's basically what happened here. So from the inception, when we were insisting that the First Circuit precedent apply to this proceedings, the judge raised a hostile tone, was dismissive throughout the proceedings. There were nearly 30 times throughout the trial where there was interruptions because the interpreter couldn't interpret properly. There was malfunctions with recording equipment. At some points, the judge said he couldn't even understand the interpretation. And then whenever issues were raised to the IJ, he had a dismissive and hostile tone. The client effectively got a perfunctory appeal by the BIA because the BIA, we asked to listen to these recordings because the hostility and bias was palpable. He denied a motion to recuse himself as well once this got to the point where we thought recusal was necessary. The removability finding, it was the government's burden to show that our client was removable. So this was an issue in the first instance that BIA actually remanded the case to make sure First Circuit law was followed, but for him to also reassess the removability finding, credibility determinations and stuff like that. The First Circuit law was in fact applied after the remand. After the remand. Okay, so your client is back at square one. So he's got to have his hearing under First Circuit precedent. But now what's unique is after the remand and assessing removability where it's a pre-trial determination that the judge is supposed to make. It's the government's burden to establish removability before the trial. The judge is essentially looking at trial evidence to determine removability. That was improper. The removability finding, the government never met its burden here to establish removability. Maybe I am not understanding your brief, but I read your brief to take issue with the timing of when the IJ made the findings as to removability. Correct, because initially if you're not removable your case gets terminated. The case is over. It's effectively a dismissal. So we were challenging the removability itself. It's on the notice to appear. The government has to establish that initial burden of removability. It doesn't do that. That's the issue in Appeal No. 1 before the BIA. And then on remand the judge is clearly making factual findings in support of removability based on the trial evidence. It was never introduced at the time when we were originally contesting removability in the first instance. Okay. I'm still not understanding. I don't, yeah. So the BIA remanded, and what was the mandate of the BIA in the remand? To apply First Circuit precedent No. 1, to look at the credibility of the witnesses and the substantive evidence before the judge. Are you saying that the IJ's error was to accept new evidence? In determining removability on remand the IJ looked at the evidence that came out at the trial. Removability is supposed to be established pretrial. That's when the objections are made that the government didn't meet its burden of removability. The judge nevertheless conducted a trial, which is called an individual hearing, determined removability, order a client removed, but under the wrong circuit precedent. So then on remand, rather than looking at a new First Circuit precedent and following the proper procedures, the judges took the trial evidence and found that our client was removable. And that's improper. So let me, I'm finding that argument a little hard to follow, but your client doesn't dispute that he used a fraudulent identity to obtain residency, right? No. And that fact forms the basis for the removability charge, correct? Yes, but he was previously admitted. It's an issue of if you have a fraudulent behavior, you can get a waiver, but you were still admitted despite that fraud. It's different than a person lacking status completely. The burdens shift in the immigration court. Given that your client doesn't dispute he was here under a fraudulent identity, that fact forms the basis for removability. How does your timing argument play into and then undermine the removability finding? Because when the judge is assessing removability after the first remand by the BIA, the judge is looking at the asylum application that hadn't even been filed yet. He's looking at his testimony from the individual hearing, a client's testimony. None of that's established in the first instance. At the very beginning, the government has to show he's removable through this instance of fraud. A client doesn't admit any fraud. The government has to show he's removable. That's the preliminary basis I've noticed up here is the government serves you with charges, and then in the pleadings you either admit or deny those allegations. I don't believe, or correct me if I'm wrong, is your client still contesting that he lied when he was applying for citizenship and his immigration status was based on some for the last 30-plus years on a person. He was not that person. The issue is the government has to prove its case in court. We don't have to prove the opposite. And here the burden was on the government because he was originally admitted as a lawful permanent resident. Even if it's through fraud, he applied for a fraud waiver, which was also tainted by the analysis that the court did throughout. There's numerous instances. Let me also ask. The immigration judge can take into account or take notice that he had applied for citizenship, and that's where this all came up. Where does the government have to reprove that? The government has to place the allegations in a notice to appear and establish that basis because he's going into removal proceedings as a lawful permanent resident. He obtained it through fraud. The government has to show that he's removable. He's going under another identity, and then he says this is who I really am now. Are you saying the government had to prove his removability prior to there being a hearing? The individual hearing, yes. It's in initial pleading stages. So you're saying that that's what the IJ should have focused on, what happened. Correct. But on remand, the IJ, when looking at it again, looked at all the trial evidence to establish removability, and we believe that was improper. And did you argue that before the IJ, that he didn't have a right to look at trial evidence? Yes, because in the pleading, we contested removability, so the burden now shifts to the government to show he's removable, and we believe the government failed to do so because it didn't have the evidence it needed at that time to do so. And then if I could just briefly talk about the Real ID Act. The Act requires the credibility and corroborative evidence. There's a whole bunch of factors for the Real ID. And throughout these proceedings, my client testifies, his wife testifies. You have all these issues with recording equipment malfunctioning, bad translations, and really minor issues of misstatement of facts. But that was the first time around. That was before the remand. Well, upon remand, the judge just looked at the evidence that was from trial number one, just applied first circuit law. But any little misstatement, the credibility is adverse to my client, adverse to his wife. And then when a member of the Medellin cartel testifies, testifies from a script, and then on cross-examination completely says different things, contradicts evidence from police reports that existed in the 1990s, and that frankly violates the Real ID Act. And the BIA, again, just has a perfunctory review on the appeal, doesn't engage in any scrutiny of anything the IJ did. It effectively seems as though it's just a rubber stamp of the findings that this judge did that ultimately tainted our client's ability to seek cancellation or removal and a waiver of inadmissibility. Those are applications he was entitled to pursue. But from the inception of this case, beginning, middle, and end, the IJ showed bias and hostility toward the claims and applied wrong legal standards. So we would just respectfully ask that the court reamend to the BIA. All right. Let me ask you, are you saying that if, in theory, this case were to be remanded, we have an individual here, and aside from what he did or didn't do, but there's that conviction for murder of his wife in Colombia, but aside from that, somebody who comes here to the United States for 30 years living with a false identity, getting permanent residency, all the benefits of being here, and then applies for citizenship, and he's lying, lying, and lying. That wouldn't, are you still saying that if this case goes back, he might even have a break at the administrative level? May I answer, please? Yes. He's entitled to a full and fair hearing, which he was deprived from his inception, and that's what we're respectfully asking in this court order that he received. Okay, but let me ask. Like the fact that he falsely, you know, he lied in his application for citizenship using another identity, which he was living under for 30 years, and that's not contested, correct? It's not contested, but he's entitled to apply for a waiver under the proper legal standards, and, again, the entire case, it seemed like none of the evidence was ever considered. His testimony was automatically rejected as false. His wife's automatically rejected as false, and then yet the adverse witness that the government presents, you know, testifying inconsistently all throughout the hearing, everything's accepted as truth, and that violates the Real ID Act. There needs to be a balancing of all the factors to determine that on a totality of the circumstances that there was competent evidence to support all the findings at the agency level below, and respectfully we feel the government utterly failed in these circumstances. Thank you. You want us to remand to the BIA with orders to the BIA to do what? To remand to the immigration court for a hearing before a neutral arbiter. To do what? Conduct a new hearing. A new individual hearing. A new individual hearing. Correct. Limited to the first pre-hearing. Yes. Welcome. Thank you. Thank you, counsel. At this time, would counsel for the respondent please? Good morning, Your Honors. Alexa Perlmutter on behalf of the United States Attorney General. We acknowledge there are a lot of issues in this case, but if you parse each specific one, one by one, you'll find there's no basis to disturb the agency decision. To begin with the threshold issue of removability, it is simply not correct that the immigration judge can only establish, can only make a removability finding before the evidence is presented. The applicable law here is 8 U.S.C. 129 A.C. 1A, which instructs the immigration judge to use only evidence produced at the hearing to make that removability finding. The board in its remand order remanded to the immigration judge to make more thorough removability findings using the evidence presented. It is not the case that the immigration judge has to do this before the applications for relief and protection are heard, especially here when the petitioner has not conceded removability, which is common in other cases. Sometimes the I.J. will make upon that concession a finding of removability before getting to those applications. Here it was contested, and the I.J. took his time to make a written decision, and it was proper under the statute to use the evidence produced at the hearing. Once he's removable, it is then his burden to establish relief and protection from removal, which he has not done. With regard to his asylum and withholding of removal applications, the agency reasonably determined that he is statutorily barred from asylum and withholding of removal because his murder conviction in Columbia constitutes a serious reason to believe that he committed a serious nonpolitical crime. In contesting that finding in his brief, he's essentially urging the First Circuit to overrule a criminal court in Columbia. With regard to the waiver that was mentioned, that's a discretionary determination which this court does not have jurisdiction to review. Now, with regard to the due process issues, my understanding from the argument that was presented is that the adverse credibility finding forms the basis of Petitioner's due process argument. However, the Supreme Court has explained in Reitke v. United States, judicial rulings alone almost never constitute a valid basis for bias. Rather, the alien must show from the surrounding comments that the immigration judge exhibited a degree of favoritism or antagonism to him that goes beyond impatience, dissatisfaction, and frustration. Petitioner has not pointed to evidence of that here. He points to interpreter issues, which are clear from the transcript that there were issues with the volume in certain cases in the interpretation. Each time those issues were raised by the interpreter, the immigration judge allows the counsel to re-ask the question, the interpreter to re-interpret, the petitioner to re-say his testimony. There was never an instance that I counted that I saw on the record that the immigration judge did not allow those issues to be rectified on the spot. What Petitioner also does not point to, in noting that the immigration judge objected to his questioning of a hostile witness, that the immigration judge also overruled government objections and then marched the government several times for improper objections. So there's really no evidence here that the immigration judge went beyond... What you had in the agency law was a hot bench to both sides, correct? That's correct. That's correct. And there's nothing... He notes that the recordings are pertinent to this, but he does not, other than a hostile tone, which under this Court's precedent does not demonstrate bias, there's nothing that is pointed to that would be evinced in the recordings that would... Go back to this argument about what the IJ was supposed to be looking at. Did you understand the petitioner below to be making that argument that the Court didn't have a right to look at the trial evidence? I do believe that argument was made, at least in the brief to this Court, that it was raised to the Board. I think the Board did address that argument, so I do believe that was raised. But ultimately, the Board correctly concluded, under the statute 1229A.C.1.A., the immigration judge uses the evidence produced at the hearing. That was the evidence in this case. The Board specifically remanded for the immigration judge to make more thorough findings after the entire hearing took place. So it would kind of defy logic to then have the immigration judge not look at the evidence in the hearing. That's exactly what the Board instructed it to do. And those findings were thorough. It is not contested that the petitioner applied for a legal permanent residency and then applied for naturalization under an assumed identity, which prevented the government from investigating that murder conviction in Columbia that occurred. And that's a material fact that the government was not able to obtain at that time. So the agency reasonably found him to be removable, and then the burden shifts. He did not show eligibility for any form of relief and protection. Unless the Court has any further questions. Let me ask a similar question to what I asked opposing counsel. There's the issue here, which, again, I had never probably seen something like this, but this person's here under an A-list for 30 years, false identity, and even applies for citizenship under that false identity. Isn't that in and of itself grounds for NEIJ to forget about the murder? The IJ could still say no relief, correct? Yes, correct. The fact of the conviction really was not part of the removability finding. The removability finding is that an alien procures admission or benefit under the INA by fraud or misrepresenting a material fact. He did not state his name correctly in his applications. That is surely a material fact. That's the removability finding here. Okay, thank you. Thank you. Okay, one minute for rebuttal. Chief, will you introduce yourself back on the record at the beginning? Yes, thank you. Again, Todd Pommel on behalf of Mr. Acosta. So just really briefly, the government just mentioned the hearing. There's multiple hearings in an immigration court setting. There's procedural hearings at the very beginning where you can test removability. You have a removability hearing, and then once removability is established, you apply for relief, such as asylum, convention against torture, waiver of inadmissibility, cancellation of removal. You don't apply for relief for removal until the government has determined that you're removable if you're not conceding it. He never conceded removability. This would be analogous to filing, contesting probable cause in a criminal case. You don't go to trial yet if a judge determines there's no probable cause. This is very similar. The government has an initial burden. It was never conceded here on a client. He didn't concede he was removable. I don't understand why you're saying that the hearing that was held didn't go to the government's initial burden. There's multiple hearings. We had a removability hearing early on, and we're contesting that the government couldn't prove removability then. After remand by the BIA, the judge is effectively looking at the trial. And what was the result of that? The judge made a finding of removability, which we contest was in error. On remand from the BIA, the BIA looks at the trial to fill in the gaps from the initial removability hearing. That's what we believe is improper. The government never established he was removable from its inception. Let me ask you, you have analogized this to a criminal trial, but again, a criminal trial has some constitutional protections. This is an administrative proceeding, so I don't know how exactly you want those constitutional protections to apply to your client. Well, it requires due process of law, which utterly failed in these circumstances. He was never given a full and fair hearing. The government can't rely on evidence from a trial when we're at the threshold contesting removability. The government never showed that he was removable. And then the judge is looking at the trial evidence to fill in the gaps for removability because he didn't apply the First Circuit law initially. The judge is basically getting a do-over but then looking at trial evidence to basically fill in the gaps when we contested removability from the very beginning of the case. And that respectfully is error. It's a violation of due process. And we would just respectfully request that this court rule in our favor on the numerous issues we had in our brief. I couldn't discuss them all today. So given the mandate by the BIA, your position is that the remand order was incorrect because the statute that counsel cites was not the appropriate way to look at the state of the record at that point. Because the statute my sister cites is talking about the hearing. There's multiple hearings. The hearing is the removability hearing, not the trial, which is referred to as an individual hearing. There's different terminology. You have removability hearings. Pre-trials are referred to as master calendar hearings. The trial itself is called an individual hearing. So on remand, the BIA is saying to look at removability and make findings. Removability needs to be based at the very beginning when we're contesting removability. What the IJ is doing is looking at all the trial testimony applications that were filed after he erroneously established removability and then ruling that he's removable in decision number two that was issued under First Circuit precedent rather than Fourth Circuit precedent. Thank you, counsel. Appreciate it. Thank you very much, your honor. Have a good day. Counsel, for the next case, please be ready.